**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DEIDRA BROWN,**

        **Plaintiff,**

**vs.**

        **No.  16-1242-DRH**

**WORLD WIDE TECHNOLOGY and
AEROTEK STAFFING,**

        **Defendants.**

**ORDER**

**HERNDON, District Judge:**

On November 10, 2016, Deidra Brown filed an employment discrimination suit against World Wide Technology and Aerotek Staffing alleging race discrimination in violation of Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5 and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 (Doc. 2).  Specifically, Brown alleges that she was terminated from her employment as a fork-lift operator because she is a 53 year old African American female.  Along with her complaint, Brown filed a motion to proceed in forma pauperis (Doc. 3).  Based on the following, the Court **GRANTS** the motion.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners

alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After reading Brown's pleadings, the Court finds that she is indigent. She signed a declaration contained in her motion documenting her poverty. Her motion does survive § 1915(e)(2) review. It does not appear that the named defendants are immune from relief at this point. And at this point, the Court cannot conclude that this action fails to state any claim upon which relief could be granted. This does not mean that the Court finds plaintiff's claims have merit or should prevail.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall prepare for defendants World Wide Technology and Aerotek Staffing Form 5 (Notice of Lawsuit and Request to Waive Service of a Summons) and Form 6 (Waiver of Service of Summons). If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHERED ORDERD** that, plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading

or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is advised that at the time the application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of the Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This

shall be done in writing and not later than **7 days** a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

Signed this 16th day of November, 2016.

Judge Herndon
2016.11.16 10:30:59
-06'00'

**United States District Judge**